UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Frilando, # 92239-071, | ) C/A No. 4:13-861-DCN-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| United States of America; Judge Weston Houck; Judge Cameron Currie; Judge Margaret B. Seymour; AUSA, Alfred Bethea; Agent, Joseph M. Koeing, and Attorney, Randolph Gregory, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a federal prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

John Frilando ("Plaintiff") is a federal inmate currently incarcerated at USP-Atlanta. He is serving a 324[1] month sentence for violating sections of the United States Code relating to conspiracy to distribute cocaine. Plaintiff's conviction and sentence were entered in this court: the United States District Court for the District of South Carolina, in 1997. His direct appeal to the United States Court

---

[1] Plaintiff originally was sentenced to 360 months but his sentence was reduced by order filed February 29, 2012 (doc. #90 in Case No.: 4:97-84) pursuant to 18 U.S.C. §3582(c).

of Appeals for the Fourth Circuit was dismissed as untimely in 1998.

Plaintiff then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied in April 2003. Plaintiff subsequently filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court in 2008, seeking to challenge the underlying validity of his conviction and sentence. That petition was summarily dismissed based on findings that the petition was, in effect, an unauthorized second or successive § 2255 motion.[2]

In April 2010, Plaintiff submitted a Petition for Writ of Error *Coram Nobis* to the court. It was found to be another unsuccessful and improper unauthorized successive § 2255 motion and was summarily dismissed.

Plaintiff alleges in this Complaint that his federal constitutional rights were violated in connection with the 1997 criminal prosecution that lead to his guilty plea. He claims that the arrest warrant issued for him was invalid because it was based on misstatements of fact from an unsigned affidavit and because it was not signed by the federal magistrate who issued the warrant. He also alleges that the indictment under which he was charged was defective as was the Pre-sentence Investigation Report. Finally, Plaintiff contends that his constitutional rights are being violated by his continued incarceration because he received an allegedly excessive four-point enhanced sentence based on un-proven, uncharged allegations of leadership role and amount of drugs involved, and because he was charged with and convicted of conspiracy even though he had no co-defendants in his case. With the exception of the claims about an allegedly unsigned affidavit and warrant, all of these points were previously raised by Plaintiff at one time or another in his previous submissions to the

---

[2] Since 2008, Plaintiff has filed several motions and other documents in his closed criminal case including, but not limited to, motions to dismiss the indictment, motion to withdraw his plea of guilty, and motion to amend or correct. See docket sheet in case No.: 4-97-84-CWH.

court. Plaintiff asks this court to re-sentence him or to vacate his sentence so that he can get out of prison. ECF No. 1, Compl. Attach. 2, at 6.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme

Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).  With respect to actions filed pursuant to 42 U.S.C. § 1983 or the *Bivens* Doctrine such as the present one alleging constitutional violations and/or other improprieties in connection with the prosecution of state or federal criminal charges, the Court stated:

> We hold that, in order to recover damages [or other relief][3] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether
> a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. *Heck v. Humphrey* also applies in civil rights suits such as this one against federal officials and federal entities. *See Ruff v. Runyon*, 258 F. 3d 498 (6th Cir. 2001); *Williams v. Hill*, 878 F. Supp. 269, 272  (D. D.C. 1995).

As stated above, Plaintiff already unsuccessfully pursued an initial § 2255 motion and other

---

[3]*See Johnson v. Freeburn*, 29 F. Supp. 2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought).

habeas cases in this Court in which some of the same allegations of unconstitutionality made in the Complaint filed in this case were made. Because Plaintiff has not been successful in having his 1997 federal conviction set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations of improper warrant, indictment, and sentence enhancement, if true, would necessarily invalidate his conviction, he cannot sue any of the Defendants based on their involvement in his prosecution and ultimate conviction.[4] As a result, this case is subject to summary dismissal as to all Defendants without issuance of service of process.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

April 30, 2013
Florence, South Carolina

---

[4] To the extent Plaintiff is seeking to again pursue his remedies under § 2255, he may not file a second or successive § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).